UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:14-CV-00097-BR

| | | |
|---|---|---|
| PNC BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| LARK B. FUTCH, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss this action based on lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (DE # 9.) Plaintiff has filed a response in opposition to the motion. (DE # 14.) Defendant has not filed a reply, and the time within which to do so has expired.

Plaintiff is a national bank, with its home office, as set forth in its Articles of Association, in Delaware. (Am. Compl., DE # 13, ¶ 1.) Plaintiff's predecessor, RBC Centura Bank ("RBC"), made a loan to Atlantic Seaboard Corporation ("Atlantic") in April 2005 in the amount of $487,500. (Id. ¶ 9.) In November 2009, RBC made a second loan to Atlantic in the amount of $50,000. (Id. ¶ 16.) Both notes were guaranteed by defendant. (Id. ¶¶ 10, 17.) After Atlantic defaulted on both notes, plaintiff filed an action in this court.

Plaintiff filed its original complaint on 13 May 2014. (Compl., DE # 1.) The original complaint alleges that defendant, a citizen of North Carolina, has defaulted under the terms of the pertinent loan documents and owes it in excess of $400,000. (Id. ¶¶ 2, 8, 15.) The original complaint describes plaintiff as "a national bank organized under the laws of the United States [and] the successor by merger to PNC Bank (USA), f/k/a RBC Centura Bank ("RBC Bank"),

which was a banking corporation organized under the laws of the State of North Carolina." (Id. ¶ 1.)

On 8 August 2014, defendant filed a motion to dismiss, arguing the original complaint is devoid of any allegations that establish the existence of federal subject matter jurisdiction. (DE # 10.) Defendant argues that plaintiff does not allege a federal question as the basis of federal jurisdiction. (Id. at 1.) Defendant also contends that plaintiff fails to plead citizenship of any state to establish diversity jurisdiction under 28 U.S.C. § 1332(a). (Id.) Defendant, however, does not dispute that she is a citizen of North Carolina nor does she dispute the amount in controversy satisfies the requirements of § 1332(a).

On 29 August 2014, plaintiff filed an amended complaint as of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), adding allegations pertinent to subject matter jurisdiction. (DE # 13.) The amended complaint asserts that plaintiff's home office, as set forth in its articles of association, is located in Delaware. (Id. ¶ 1.) In addition, the amended complaint states that plaintiff's principal place of business is Pennsylvania. (Id. ¶ 2.)

Pursuant to 28 U.S.C. § 1332(a), a federal court possesses original jurisdiction over a civil action if the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. "In order to establish diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants." Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999). The burden of proving subject matter jurisdiction in response to a Rule 12(b)(1) motion to dismiss is on the plaintiff, the party asserting jurisdiction. Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

"From the beginning of the diversity jurisdiction, the rule in actions commenced by

plaintiffs in federal court has been that the citizenship of the parties at the time of commencement of the action determines whether the requisite diversity exists." Rowland v. Patterson, 882 F.2d 97, 98 (4th Cir. 1989) (citations omitted). With respect to merged companies, it is the citizenship of the surviving entity after merger which is determinative for diversity. Mireles v. Wells Fargo Bank, N.A., 845 F. Supp. 2d 1034, 1046 n.75 (C.D. Cal. 2012); Wilkins v. Wachovia Corp., No. 5:10-CV-00249-D, 2011 WL 902031, at *3 (E.D.N.C. Feb. 28, 2011) (memorandum and recommendation), adopted in relevant part, docket entry # 34 (E.D.N.C. Mar. 15, 2011). National banks are "located" for diversity jurisdiction purposes "in the State designated in its articles of association as its main office." Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006).

In this case, prior to the instant suit, RBC Centura Bank merged into plaintiff and ceased to exist as a separate entity. (Am. Compl., DE # 13, ¶ 3.) Plaintiff, the surviving entity, has alleged in the amendments to the complaint that it is a citizen of Delaware.[1] (Id. ¶ 1.) It is well-settled, "that an amended pleading supersedes the original pleading, rendering the original pleading of no effect." Young v. City of Mt. Ranier, 238 F.3d 567, 573 (4th Cir. 2001). The allegations set forth in the amended complaint establish that plaintiff and defendant are diverse in citizenship, and the amount in controversy exceeds $75,000.

---

[1] Some courts have held that a national bank is also a citizen of the state where its principal place of business is located. See, e.g., Olson v. Wells Fargo Bank, N.A., 961 F. Supp. 2d 1149, 1164 (C.D. Cal. 2013). The Fourth Circuit Court of Appeals does not appear to have addressed the issue. At any rate, it would not make a difference here, as plaintiff's principal place of business is not located in North Carolina. (See Am. Compl., DE # 13, ¶ 2 (Pennsylvania).)

Accordingly, defendant's motion to dismiss is DENIED.

This 29 September 2014.

                                                  W. Earl Britt
                                                  Senior U.S. District Judge

4

Case 7:14-cv-00097-BR   Document 15   Filed 09/29/14   Page 4 of 4